**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGARDO ENRIQUE ESCOBAR
PACHECO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70084

Agency No. A206-353-148

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2021[**]
Honolulu, Hawaii

Before:  NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Edgardo Escobar Pacheco petitions for review of the Board of Immigration

Appeals' (BIA) denial of his applications for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT).  We review the BIA's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"legal conclusions de novo and its factual findings for substantial evidence." *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. An applicant for asylum must establish that "membership in a particular social group . . . was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). To satisfy this nexus requirement, Pacheco "must provide direct or circumstantial evidence of his persecutors' motives." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

Substantial evidence supports the BIA's determination that Pacheco failed to demonstrate that he was or will be targeted due to his status as a soccer player. There is no evidence that Pacheco was attacked and robbed because he played soccer. In fact, a gang member told Pacheco "I don't know who you are. I don't even know you" during the attack. As for future persecution, Pacheco is no longer a professional soccer player and there is no evidence that he would be recognized and targeted on that basis (or for being a current mixed martial arts fighter) in Honduras. Therefore, substantial evidence supports the BIA's denial of Pacheco's asylum claim. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [petitioner's]

asylum . . . claim[].").[1]

2. As with a claim for asylum, to be eligible for withholding of removal, an applicant must establish that he has been or likely will be persecuted "on account of" a protected ground. *See* 8 C.F.R. § 1208.16(b)(1). To satisfy this nexus requirement, an applicant must show that a protected ground is or would be "a reason" for past or future persecution, a weaker standard than the "one central reason" standard from the asylum context. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). For the reasons identified above, Pacheco did not establish a nexus between past or future persecution and a protected ground, even under the less stringent "a reason" standard.

3. To qualify for CAT relief, the applicant must show: (1) "it is more likely than not that he or she would be tortured if removed to the proposed country of removal," 8 C.F.R. § 208.16(c)(2); and (2) the torture will be "inflicted by or at the instigation of or with the consent or acquiescence of a public official . . . or other person acting in an official capacity," *id.* § 208.18(a)(1). *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). Pacheco cited only "generalized evidence of violence and crime" that failed to show it is more likely than not he

---

[1] Because the BIA affirmed the Immigration Judge's (IJ) denial of asylum on the merits, it did not address the IJ's determination that Pacheco is time-barred from applying for asylum. We thus cannot reach this alternative ground. *See Arrey*, 916 F.3d at 1157 ("We cannot affirm the BIA on a ground upon which it did not rely." (internal quotation marks and citation omitted)).

would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Therefore, substantial evidence supports the BIA's denial of CAT protection.

**PETITION FOR REVIEW DENIED.**