**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 5 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO PINEDA CASASOLA, | No. 19-72339 |
| Petitioner, | Agency No. A098-458-517 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2021**
Pasadena, California

Before: BYBEE and BENNETT, Circuit Judges, and BATAILLON,*** Senior
District Judge.

Petitioner Jose Pineda Casasola, a native and citizen of Guatemala, seeks

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Joseph F. Bataillon, Senior United States District Judge for the District of Nebraska, sitting by designation.

review of a decision of the Board of Immigration Appeals ("BIA"). The BIA affirmed the Immigration Judge's ("IJ") denial of petitioner's applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

In August 2001, at age fifteen, petitioner entered the United States unlawfully as an unaccompanied child. In 2007, the government initiated removal proceedings against him. And in 2013, the Immigration Court administratively closed those proceedings at the government's request. Petitioner remained in the United States, paid taxes, and raised his two United States citizen children. But in January 2014, petitioner was convicted of felony leaving the scene of an accident and sentenced to two years' imprisonment. *See* Cal. Veh. Code § 20001(a). The removal proceedings against him were then re-calendared. Thereafter, petitioner filed for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. He claimed that he feared returning to Guatemala because his two cousins sexually abused him from about ages seven to ten. Petitioner argued that he was persecuted in Guatemala on account of membership in two "particular social groups": (1) child victims of domestic violence; and (2) family.

In January 2016, as relevant here, the IJ determined that petitioner could not establish the requisite nexus between the claimed persecution and a protected ground. She found that the proposed particular social group of "child victims of

domestic violence" was not legally cognizable, determining that the group is not socially distinct and is too large. She also found that any targeting of petitioner was not due to membership in his "family" but was instead because of opportunity and convenience due to his proximity, youth, and fear.[1]

The BIA dismissed petitioner's appeal, determining in relevant part that the hit and run conviction was a particularly serious crime, thus rendering petitioner ineligible for asylum and withholding of removal. Petitioner sought review by this Court, which granted the petition and remanded to the agency for reconsideration of the particularly serious crime determination.

On remand, the BIA again dismissed the appeal. It determined that it need not decide the particularly serious crime issue because petitioner had failed to show that he would be persecuted on account of a protected ground, which also rendered him ineligible for asylum and withholding of removal. The BIA found that "child victims of domestic violence" is not cognizable as a particular social group because that category lacks the requisite particularly and social distinction. And even assuming that "family" is cognizable, the BIA found no clear error in the IJ's finding

---

[1] The IJ also found that petitioner was ineligible for CAT protection because he failed to show he would be tortured in Guatemala or that the torture would be committed by the government or with its acquiescence. Petitioner did not appeal this finding to the BIA.

that any abuse petitioner suffered had no nexus to his familial membership but was instead motivated by proximity and opportunity.

"We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (citation and internal quotation marks omitted). The agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, before granting a petition for review, "we must determine that the evidence not only supports a contrary conclusion but compels it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." *Huang*, 744 F.3d at 1152 (cleaned up). "When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision," we review only the BIA's decision "except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citation omitted).

Eligibility for both asylum and withholding of removal requires a nexus between persecution or feared persecution and "one of five protected statutory grounds: race, religion, nationality, political opinion, or membership in a particular social group." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). Any proposed particular social group must be: (1) composed of members who share an

immutable characteristic (something they cannot change or so fundamental that they should not be required to change); (2) defined with particularity (there is a commonly accepted definition of the group); and (3) socially distinct within the society in question (generally perceived by that society to be a group). *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882 (9th Cir. 2021). Whether a proposed "particular social group" meets these requirements is a legal determination that this Court reviews de novo. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

As the agency determined, petitioner was not persecuted on account of his membership in a particular social group. The proposed particular social group of "child victims of domestic violence" is not cognizable. The record does not compel a conclusion that Guatemalan society recognizes this group as socially distinct. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020). Nor does the record compel a conclusion that there was nexus between the harm suffered and petitioner's membership in his family—that such familial membership was "one central reason" for the abuse. *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021).

**PETITION FOR REVIEW DENIED.**

19-72339