NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIANELA DEL ROSARIO
HENRIQUEZ LUNA; EMERSON
EDUARDO RIVERA
HENRIQUEZ; MAURA ELIZABETH
RIVERA HENRIQUEZ,

No. 22-401

Agency Nos.
A208-380-611
A208-380-613
A208-380-612

Petitioners,

v.

MEMORANDUM[*]

MERRICK B. GARLAND, Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023[**]
San Francisco, California

Before: BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

Marianela Del Rosario Henriquez Luna and two of her children, Maura

Elizabeth Rivera Henriquez and Emerson Eduardo Rivera Henriquez, all natives

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and citizens of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of the Immigration Judge's ("IJ") decision denying Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1.  Substantial evidence supports the agency's conclusions that Petitioner was not eligible for asylum or withholding of removal.  To be eligible for asylum or withholding of removal, a petitioner must establish that her protected ground be "at least one central reason" for her persecution (asylum), 8 U.S.C. § 1158(b)(1)(B)(i), or that her protected ground be "a reason" for her persecution (withholding of removal), 8 U.S.C. § 1231(b)(3)(C).  Petitioner failed to establish nexus between her past or feared harm and her proposed particular social group, "women in El Salvador."  Instead, substantial evidence supports the agency's finding that Petitioner feared generalized gang violence.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).  Because the agency did not err in determining that Petitioner failed to establish nexus, the Court denies the petition for review as to asylum and withholding of removal.  *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

---

[1] All uses of "Petitioner" in the singular refer to Marianela Del Rosario Henriquez Luna.  Her children join this petition for review as derivative asylum applicants.

2.	The IJ denied Petitioner's application for CAT relief, and Petitioner failed to exhaust this claim in her appeal to the BIA. Exhaustion, as required by 8 U.S.C. § 1252(d)(1), is a "claim-processing rule." *Santos-Zacaria v. Garland*, 598 U.S. 411, 416–19 (2023). The Court will deny a petition for failure to exhaust an issue below if a party properly raises the failure to exhaust. *See Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Petitioner failed to challenge the IJ's determination that she was not eligible for CAT relief before the BIA, and Respondent properly raises the failure to exhaust here. Consequently, the Court denies the petition for review of Petitioner's application for CAT relief.

**PETITION DENIED.**