**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARITZA MAGDALENA GONZALEZ HERRERA; KIMBERLY STEFANIA AMBELIS GONZALEZ; SCYNTHIA VIRGINIA AMBELIS GONZALEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-2015 <br><br> Agency Nos. <br> A206-362-224 <br> A206-362-225 <br> A206-362-226 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2023[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and SANCHEZ, Circuit Judges.

Maritza Gonzalez Herrera and her two daughters, Kimberly Gonzalez and

Scynthia Gonzalez, citizens of Guatemala, petition for review of the Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' (BIA) dismissal of their appeal from an Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]  Their claims are related to an abusive relationship between Kimberly and a private citizen of Guatemala, Edgar Perez.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

1.  Substantial evidence supports the BIA's determination that Petitioners are not eligible for asylum or withholding of removal.  Assuming Petitioners are part of a particular social group, "[t]he lack of a nexus to a protected ground is dispositive of [Petitioners'] . . . claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).[2]  The BIA adopted the IJ's finding that Perez did not harm Kimberly on account of any statutorily protected characteristic.  Record evidence concerning the history of the relationship between Kimberly and Perez supports this determination; on appeal, Kimberly identifies evidence indicating only that Perez was motivated to harm her because of a personal obsession with her.  Perez's

---

[1] Each Petitioner filed an individual asylum application, and Gonzalez Herrera also identified her two daughters as derivative beneficiaries on her asylum application. *See* U.S.C. § 1158(b)(3)(A).

[2] Where the petitioner fails to establish a nexus between the claimed persecution and a protected ground, there is no distinction between the "one central reason" requirement for an asylum claim and "a reason" requirement for a withholding of removal claim. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010); *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890–91 (9th Cir. 2021).

apparent personal obsession does not demonstrate that Kimberly was "individually targeted on account of a protected ground." *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021); *cf. Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) ("[M]istreatment motivated purely by personal retribution will not give rise to a valid asylum claim."). Accordingly, we deny her petition.

Moreover, substantial evidence supports the BIA's conclusion that Perez's motivation to harm Gonzalez Herrera and Scynthia was not on account of their statutorily protected characteristics, but rather "to ensure that neither caused trouble for [Perez]." Kimberly testified that Perez posed a threat to her family members because they could prevent him from harming her, and Petitioners do not point to any record evidence indicating that Perez was motivated to harm Gonzalez Herrera or Scynthia for any reason other than to assert control over Kimberly without impediments. Accordingly, we deny Gonzalez Herrera's and Scynthia's petitions. *Cf. Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 (9th Cir. 2023) (holding that targeting a family member "only as an instrumental means" did not establish persecution motivated by a familial relationship).

2. Substantial evidence supports the BIA's determination that Petitioners failed to establish eligibility for CAT protection. Petitioners failed to show a likelihood that they would be tortured if they return to Guatemala. 8 C.F.R. § 1208.16(c)(2); *see Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005).

Kimberly testified that she did not know whether Perez was in Guatemala, and made no showing that he is likely to find Kimberly or to assault her again. *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) (holding that "a series of worst-case scenarios" is insufficient to meet a petitioner's burden to show likelihood of future torture). Nor have Gonzalez Herrera and Scynthia identified any evidence that challenges the BIA's determination that their fear of future torture is "entirely speculative." Therefore, substantial evidence supports the BIA's conclusion that Petitioners "failed to demonstrate a greater than 50 percent chance of torture." *See Nuru*, 404 F.3d at 1221.

Substantial evidence supports the BIA's determination that protection under the CAT is independently unwarranted because Petitioners have failed to show that the Guatemalan government would acquiesce or consent to any future torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008); *see also* 8 C.F.R. § 1208.18(a)(1). "The inability to bring [a] criminal[] to justice is not evidence of acquiescence," and because Petitioners have not presented evidence "establishing government complicity in the criminal activity," they do not qualify for protection under the CAT. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITONS DENIED.**