NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELES JIMENEZ ALANIZ; YULASMI ESMERALDA LOZANO JIMENEZ; DAVID LOZANO JIMENEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-71195 <br><br> Agency Nos.   A208-120-061 <br> A208-120-062 <br> A208-120-063 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2024[**]
Portland, Oregon

Before: WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Angeles Jimenez Alaniz, a native and citizen of Mexico, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") dismissing her appeal

of an order of an immigration judge ("IJ") denying her applications for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     Substantial evidence supports the BIA's determination that Jimenez is ineligible for asylum or withholding of removal because she failed to establish "a nexus between her past harms or feared future harm and her statutorily protected characteristics." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). To establish a nexus, "an applicant for withholding must show that [the protected ground] was 'a reason' for [her] persecution, while an applicant for asylum must show that it was 'one central reason.'" *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (citation omitted). Jimenez argues that she will be persecuted on account of her membership in two particular social groups: (1) the nuclear family of her partner, Uriel Lozano Duarte, and (2) the family of police officers. But even assuming, as did the BIA, that these particular social groups are cognizable, "[t]he reasons needed to prove a nexus refer to the persecutor's motivations for persecuting the petitioner." *Rodriguez-Zuniga,* 69 F.4th at 1018. While the Immigration and Nationality Act "does not require the applicant to provide direct proof of his persecutors' motives, it does demand *some* evidence of motive, direct or circumstantial." *Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th

---

[1] Two of Jimenez's three minor children, also citizens of Mexico, are derivative beneficiaries of her application for asylum and related relief.

2

Cir. 2009) (quotation marks and alterations omitted).

Here, the record contains no evidence of the persecutors' motives. Although Uriel was beaten, abducted, and killed, Jimenez testified that she does not know who harmed Uriel or why he was targeted. Similarly, although two of Jimenez's distant relatives disappeared, the record does not establish the reasons for their disappearance, and none of Jimenez's other family members has been harmed on account of the fact that her brothers are police officers. Therefore, the record does not compel the conclusion that Jimenez would face persecution because of her relationship to Uriel or her police officer brothers. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [an applicant's] asylum and withholding of removal claims.").

2. Substantial evidence also supports the BIA's conclusion that Jimenez is ineligible for relief under CAT. An applicant for CAT protection "must demonstrate that it is more likely than not that he or she will be tortured if removed." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022) (quoting *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015)). But Jimenez was never threatened or harmed while in Mexico. *See Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005) (explaining that "[p]ast torture is the first factor we consider in evaluating the likelihood of future torture"). Although the U.S. State Department has recognized that Michoacán is a particularly dangerous area of

3

Mexico, substantial evidence supports the BIA's conclusion that Jimenez could relocate to other, less dangerous regions of the country to avoid the harm she fears. *Maldonado*, 786 F.3d at 1164 (explaining that, when considering the likelihood of torture, "the IJ must consider all relevant evidence, including but not limited to the possibility of relocation within the country of removal").

Nor has Jimenez met her burden of establishing that a government official would consent or acquiesce to any future torture. *See Rodriguez-Zuniga*, 69 F.4th at 1023. Although Jimenez argues that the Mexican government has failed to take adequate steps to combat the violence of cartels and vigilante groups, "a government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (quotation marks and alterations omitted). Jimenez also testified that her brothers, who are police officers, would provide her with protection if called upon to do so. Substantial evidence therefore supports the BIA's conclusion that Jimenez failed to establish that it is more likely than not that she would be tortured in Mexico by, or with the consent or acquiescence of, a public official.

**PETITION DENIED.**