NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARMITA JESIBEL RIVAS-DE
CONTRERAS,

No. 23-3047

Agency No.
A208-173-859

Petitioner,

v.

MEMORANDUM*

MERRICK B. GARLAND, Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024**
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

Carmita Jesibel Rivas-De Contreras petitions for review of a decision of the

Board of Immigration Appeals (BIA) dismissing her appeal of an immigration

judge's (IJ) denial of her applications for asylum, withholding of removal, and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT).

We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, and we review legal questions de novo. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).

1. Substantial evidence supports the agency's conclusion that the gang's conduct directed toward Rivas-De Contreras and her sons was not on account of her membership in a particular social group—even assuming her particular social group was cognizable—but rather, that the gang was motivated by financial gain and criminal activity. Rivas-De Contreras testified that the gang demanded money from her and that they wanted her sons to join the gang. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *cf. Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (holding that resistance to a gang's recruitment efforts, by itself, does not constitute a political opinion for purposes of establishing a protected ground), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). She does not point to any record evidence that would compel a conclusion contrary to the agency's finding that she cited "no evidence that the gang members were motivated by an underlying animus against [her] family." The BIA properly concluded that the lack of a nexus to a protected ground is fatal to

Rivas-De Contreras's claims for asylum and statutory withholding of removal.[1] *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 357–60 (9th Cir. 2017) (explaining the motive standard applicable to asylum and withholding of removal).

2.      Substantial evidence supports the agency's denial of Rivas-De Contreras's application for CAT relief.  To receive CAT protection, Rivas-De Contreras must establish that "it is more likely than not that . . . she would be tortured if removed."  8 C.F.R. § 1208.16(c)(2); *see also* 8 C.F.R. § 1208.17(a).  "Evidence of past torture is relevant (though not alone sufficient) in assessing a particular petitioner's likelihood of future torture."  *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022).  In denying CAT relief, the agency found no evidence of past torture, and the record does not compel the conclusion that Rivas-De Contreras was "tortured by or with the consent or acquiescence of a public official in [El Salvador]."  *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023).

Although the country conditions evidence that Rivas-De Contreras cites demonstrates gang activity and government corruption in El Salvador, the record does not show that Rivas-De Contreras faces a particularized risk of future torture.

---

[1] Because the BIA's decision is based on the nexus determination, we do not consider Rivas-De Contreras's other arguments.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

*See Lopez v. Session*s, 901 F.3d 1071, 1078 (9th Cir. 2018). The record does not compel us to conclude that Rivas-De Contreras is more likely than not to be tortured if removed to El Salvador.

**PETITION DENIED.**