**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD JOHN RIERA-RIERA, *Petitioner,* v. LORETTA E. LYNCH, Attorney General, *Respondent.* | No. 13-73062 Agency No. A200-245-971 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 10, 2016[*]
Pasadena, California

Filed November 28, 2016

Before: Mary M. Schroeder and Jay S. Bybee, Circuit
Judges, and William E. Smith,[**] Chief District Judge.

Opinion by Judge Schroeder

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable William E. Smith, Chief United States District
Judge for the District of Rhode Island, sitting by designation.

**SUMMARY**[***]

**Immigration**

The panel denied Harold Riera-Riera's petition for review of the Board of Immigration Appeals' decision refusing to consider his adjustment of status application because he entered the United States using a fraudulent Italian passport to gain the benefits of the Visa Waiver Program (VWP).

The panel held as a matter of first impression that the BIA properly concluded that Riera-Riera could not seek adjustment because he entered, albeit fraudulently, under the VWP. The panel held that an alien who fraudulently enters under the VWP is subject to the VWP's limitations, including waiving any challenge to deportation other than asylum.

The panel also held that the BIA did not err in denying Riera-Riera's applications for asylum, withholding of removal and relief under the Convention Against Torture, because he failed to establish a nexus to a protected ground, and the harm he suffered was insufficient for CAT protection.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Jorget T. Cabrera, Studio City, California, for Petitioner.

Stefanie Notarino Hennes, Trial Attorney; Leslie McKay, Assistant Director; Joyce R. Branda, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

SCHROEDER, Circuit Judge:

Petitioner Harold Riera-Riera, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals's ("BIA") refusal to consider his application for adjustment of status in proceedings limited to consideration of relief related to asylum. Riera had fraudulently entered the United States under an Italian passport in order to gain the benefits of the Visa Waiver Program ("VWP"), that carried with it a limitation of his rights to contest deportation. He argues that since he is not now, and never has been, an alien eligible for lawful admission under the VWP, he is not subject to its limitation. While this is an issue of first impression in this circuit, we now join the other circuits that have rejected a similar argument. Given VWP's limitation of relief available in deportation proceedings, the BIA properly refused to consider the application for adjustment of status. The denial of asylum and related relief, as well as the denial of the claim under the Convention Against Torture ("CAT"), were supported by substantial evidence. We therefore deny the petition.

## BACKGROUND

We begin with the legal and factual background. The VWP allows certain aliens who are "[n]ational[s] of program countr[ies]" to enter the United States without a visa. 8 U.S.C. § 1187(a)(2). Admission under the VWP is subject to numerous restrictions, most relevant here are that the alien present a valid passport from a qualifying country that offers reciprocal rights to American citizens and that the alien present a return ticket for departure from the United States within ninety days. *Id.* Most importantly for this case, the VWP requires that the alien agree not to "review or appeal . . . an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States" or "to contest, other than on the basis of an application for asylum, any action for removal of the alien." 8 U.S.C. § 1187(b). We have previously held that this restriction is lawful. *See Handa v. Clark*, 401 F.3d 1129, 1135 (9th Cir. 2005).

Riera entered the United States in 1998 using an Italian passport; Riera is a Peruvian citizen, however, and has never been an Italian citizen. Since Italian nationals are able to enter the United States under the VWP, while Peruvian nationals are not, Riera used this fraudulently acquired Italian passport to enter the United States without a visa. He agreed to all conditions of VWP entry and presumably presented his return ticket for a departure within ninety days.

Riera did not depart within ninety days; he remained in the United States. In 2011, Riera came to the attention of the Department of Homeland Security. After initially placing Riera in removal proceedings, the Department realized that he had entered under the VWP, and his removal proceedings

were stayed. The Department then proceeded to order his removal under the VWP. After ordering his removal, the Department referred him to an Immigration Judge ("IJ") for asylum only proceedings. Before both the IJ and the BIA, Riera argued that since he was not an Italian national, and since his entry under the VWP was fraudulent, he could not be bound to the VWP's restrictions, and he was entitled to have an IJ determine both his removeablity and his petition for adjustment of status. The IJ and the BIA determined that there was no jurisdiction under the VWP for consideration of his non-asylum claims. They considered and denied the asylum and CAT claims.

## DISCUSSION

Whether an ineligible alien who fraudulently enters under the VWP is bound by the VWP's limitations, including its waiver of any challenge to deportation other than asylum, has never been addressed by this Circuit. The Second, Seventh, and Eighth Circuits, however, have all considered this issue, holding that the VWP limitations apply to those admitted under the program without being eligible. *See Shabaj v. Holder*, 602 F.3d 103, 105–06 (2d Cir. 2010) (same)*; Bayo v. Napolitano*, 593 F.3d 495, 501–02 (7th Cir. 2010) (en banc) (holding that such entrants are bound by the VWP limitations); *Zine v. Mukasey*, 517 F.3d 535, 542–43 (8th Cir. 2008) (same). Similarly, the BIA has ruled that the restrictions of the VWP bind ineligible aliens who enter the country using fraudulent travel documents. *See In re Kanagasundram*, 22 I. &. N. Dec. 963, 964 (BIA 1999).

Though the statute enacting the VWP does not expressly address fraudulent entrants, the Attorney General has filled in that gap via regulation, issuing a rule that those who

"present[] fraudulent or counterfeit travel documents" will be removed "without referral of the alien to an immigration judge," unless the alien "applies for asylum."   8 C.F.R. § 217.4(a).    All of the circuit decisions rely upon the regulation.

There is no real issue concerning the validity of the regulation interpreting the statute.  We would evaluate that interpretation under the two-step test from *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43  (1984).  The first step is whether the statute is ambiguous; it is.  The statute does not address what happens should a national of a non-VWP country apply or receive entry under the VWP.   The second step is whether the Attorney General's interpretation is reasonable; it is.  Indeed, as the Seventh Circuit has observed, "[t]here is little reason to think that Congress would have wanted to confer the benefits of the VWP on ineligible aliens while sparing them the costs of entering under the [VWP]."  *Bayo*, 593 F.3d at 501–02.

Riera raises a further argument, which is that the refusal to consider his adjustment of status petition or to re-open removal proceedings to allow for it to be considered, denied him due process.  Even assuming without deciding that due process attaches to VWP admittees, however, the restrictions of the VWP comport with whatever due process such admittees are entitled.  We recognized this in *Bingham v. Holder*, 637 F.3d 1040, 1047 (9th Cir. 2011).  In that case, we observed that the procedure required by the VWP is neither complex nor unfair.  The alien signing the VWP forms gives up any right to challenge removal, except on asylum grounds, if he overstays the grant of time permitted by the VWP. Other courts have come to a similar conclusion. *See Bradley*

*v. Attorney Gen. of the U.S.*, 603 F.3d 235, 240–43 (3d Cir. 2010)*; Bayo*, 593 F.3d at 505.

Petitioner also seeks review of the denial of his asylum and withholding of removal claims.  Riera is required to show that he has suffered persecution or has a well-founded fear of future persecution on account of one of five protected statutory grounds: race, religion, nationality, political opinion, or membership in a particular social group.  *See* 8 U.S.C. § 1158(b)(1)(B)(i).  Riera has never identified, let alone argued, the ground on which he has been or would be persecuted.  This issue has been waived.  The lack of a nexus to a protected ground is dispositive of his asylum and withholding of removal claims.  *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009).

With respect to the CAT claim, nothing in the record compels a contrary conclusion to that of the IJ.  *See* 8 U.S.C. § 1252(b)(4)(B).  The harm that Riera suffered before he left Peru did not rise to the level of torture, and he otherwise relies on generalized evidence, which is insufficient for protection under CAT.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED**.