**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSCAR ARMANDO AMAYA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-72745

Agency No. A099-537-014

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 30, 2021
San Francisco, California

Before:  SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

Petitioner Oscar Amaya (Amaya), a native and citizen of El Salvador, seeks

review of the decision of the Board of Immigration Appeals (BIA) denying him

relief under the Convention Against Torture (CAT).  Amaya alleges that he fears

returning to El Salvador because (1) he cooperated with police against gang

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

members who killed his brother in his presence, and (2) he has Norteños gang tattoos that may lead to violence from other gangs and persecution from the Salvadoran government.

1.      Substantial evidence supports the BIA's conclusion that Amaya did not suffer past torture.  *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (reviewing for substantial evidence factual findings underlying the BIA's determination of ineligibility for CAT relief).  The record does not reflect that members of the Mara Salvatrucha gang (MS-13) intended to specifically torture Amaya.  *See Eneh v. Holder*, 601 F.3d 943, 948 (9th Cir. 2010) (holding that "a petitioner must show for purposes of CAT relief that someone—either a government official or private actor—specifically intended to torture him or her") (citation omitted); *see also Cole v. Holder*, 659 F.3d 762, 773 (9th Cir. 2011) (explaining that "[a]cts that merely have the foreseeable result of inflicting harm are not sufficient" to show specific intent to torture).

2.      Absent the inference that stems from a finding of past torture, the evidence does not compel the conclusion that Amaya faces a "likelihood of future torture" if removed to El Salvador.  *Dawson v. Garland*, 998 F.3d 876, 883–84 (9th Cir. 2021).  The only evidence presented by Amaya was of a generalized

nature, which does not suffice. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

3. Amaya has waived any challenge to the denial of asylum and withholding of removal, because he failed to address that issue in his opening brief. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).

**PETITION DENIED**.