**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

NEIL CORTEZ COREAS,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-604

Agency No. A206-242-060

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2024[**]
Pasadena, California

Before: BERZON and MENDOZA, Circuit Judges, and LIBURDI, District Judge.[***]

Neil Cortez-Coreas petitions for review of the Board of Immigration Appeals'

(BIA) decision dismissing his appeal of an immigration judge's (IJ) order denying

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, "the BIA affirms the IJ 'and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies.'" *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217 (9th Cir. 2022) (quoting *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019)). The BIA's determination of legal questions is reviewed de novo. *See Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). The agency's factual findings are reviewed for substantial evidence. *See id.* Under this "highly deferential" standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa*, 55 F.4th at 1217–18 (internal citations omitted). On review, we deny his petition.

1.      With respect to his asylum and withholding of removal claims, Mr. Cortez-Coreas "is required to show that he has suffered persecution or has a well-founded fear of future persecution on account of one of five protected statutory grounds: race, religion, nationality, political opinion, or membership in a particular social group." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (citing 8 U.S.C. § 1158(b)(1)(B)(i)). The BIA denied Mr. Cortez-Coreas's application for asylum and withholding of removal because "he has not established that his membership in a particular social group was or would be a reason, whether

central or not, for harm." The government argues that Mr. Cortez-Coreas waived his opportunity to challenge this finding because he did not address it in his petition. We agree. A heading in Mr. Cortez-Coreas's petition states that he was "persecuted based on a cognizable particular social group." Nowhere in the text of the following discussion does he contest the BIA's nexus analysis or argue why he was persecuted for being part of his proposed social group (El Salvadorans who oppose gang violence). Rather, he focuses only on why that group is cognizable. Because this Court "review[s] only issues [that] are argued specifically and distinctly in a party's opening brief" and does "not manufacture arguments for an appellant," *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994), Mr. Cortez-Coreas has therefore waived any challenge to the BIA's affirmance and forfeited his petition for review on this count, *see Riera-Riera*, 841 F.3d at 1081.

2.    Substantial evidence supports the BIA's and IJ's denial of CAT relief. Here, the record evidence, including Mr. Cortez-Coreas's testimony that he does not believe he would be tortured by the government, supports our conclusion that a reasonable factfinder could conclude that Mr. Cortez-Coreas did not meet his burden of showing that it is "more likely than not" that he would be tortured in El Salvador with the consent or acquiescence of public officials. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION DENIED.**