**NOT FOR PUBLICATION**

**FILED**

SEP 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FRANCISCO RAFAEL AMEZCUA-
VAZQUEZ,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No. 23-1385

Agency No.
A087-967-851

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2024**
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER, District
Judge.***

      Francisco Rafael Amezcua-Vazquez (Amezcua-Vazquez), a native and

---

      * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      *** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his application for withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

"We examine the BIA's legal conclusions de novo and its factual findings for substantial evidence. . . ." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (citation, footnote reference, and internal quotation marks omitted). "We may only reverse the agency's determination where the evidence compels a contrary conclusion from that adopted by the BIA. . . ." *Id.* (citation and internal quotation marks omitted). "Because a persecutor's actual motive is a matter of fact, we review that finding for substantial evidence." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) (citation omitted).

Substantial evidence supports the agency's denial of withholding of removal because Amezcua-Vazquez did not demonstrate a nexus between the harm he experienced in Mexico and his membership in a proposed particular social group comprised "of the Amezcua family." During his removal proceedings, Amezcua-Vazquez testified that he was abducted and beaten by cartel members on two or three occasions, and that his father was kidnapped and murdered by cartel members. Amezcua-Vazquez also related that his uncle was kidnapped by cartel members and then released after payment of a ransom. However, Amezcua-Vazquez did not provide evidence or testimony that cartel members "specifically

sought out" Amezcua-Vazquez, his father, or his uncle on account of their familial association. *Garcia*, 988 F.3d at 1145 (citation omitted); *see also Rodriguez-Zuniga*, 69 F.4th at 1019 (explaining that the murder of a family member does not necessarily "compel any conclusion about" the persecutor's motives) (citation omitted). Thus, the BIA properly denied Amezcua-Vazquez's withholding of removal claim. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (explaining that "[t]he lack of a nexus to a protected ground is dispositive of . . . withholding of removal claims") (citation omitted).[1]

**PETITION FOR REVIEW DENIED.**

---

[1] Amezcua-Vazquez also maintained before the agency that he was a member of particular social groups comprised of "Mexican taxi drivers who have been subject[ed] to violence by cartel members and former Mexican taxi drivers." Amezcua-Vazquez does not challenge in his opening brief the BIA's denial of withholding of removal due to Amezcua-Vazquez's failure to establish a nexus between his employment as a taxi driver and the harm that he and his family experienced. As a result, Amezcua-Vazquez has waived any arguments relating to his proposed particular social groups comprised of taxicab drivers. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200 (9th Cir. 2023).