FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLOR DE MARIA MIJANGOS GOMEZ; LUIS ANGEL ARREDONDO MIJANGO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-2269 <br><br> Agency Nos. <br> A203-749-422 <br> A203-749-421 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2024[**]
Pasadena, California

Before: IKUTA, R. NELSON, and BRESS, Circuit Judges.

Flor de Maria Mijangos Gomez and her son Luis Angel Arredondo Mijangos

(Petitioners), natives and citizens of Guatemala, petition for review of a Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals (BIA) decision dismissing their appeal from an immigration judge's (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review questions of law de novo and review the agency's factual findings for substantial evidence. *See Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under that standard, factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Our review is limited to those grounds explicitly relied upon by the [BIA,] . . . . except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020) (quotation omitted).

1. Substantial evidence supports the BIA's determination that Petitioners are not eligible for asylum. The Attorney General may grant asylum to a "refugee" who is "unable or unwilling to return to . . . [a] country because of persecution or a well-founded fear of persecution." 8 U.S.C. § 1101(a)(42). This persecution must occur "on account of" a protected characteristic such as "membership in a

---

[1] Petitioners may have forfeited any challenge to the dismissal of their withholding claim by failing to make a distinct argument on appeal. *See Laboa v. Calderon*, 224 F.3d 972, 980 n.6 (9th Cir. 2000) (noting that "we will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief."). Regardless, substantial evidence supports the BIA's denial of withholding of removal on the same grounds that it denied Petitioners' claims for asylum.

particular social group" or "political opinion." *Id.* And the asylum applicant must show that "the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).

Substantial evidence supports the BIA's determination that the Guatemalan government was not unwilling or unable to control the private actors extorting her. Mijangos Gomez credibly testified before the IJ that after her husband passed away, she received two anonymous phone calls from unknown numbers demanding money and threatening "consequences" against her and her son if she complained to the police. After filing a complaint with the police, the police told Mijangos Gomez to notify them if she was able to identify the phone number of her extorters. Mijangos Gomez received but ignored three to four more calls from unknown numbers and fled to the United States with her son without following up with the police. Nothing in this record compels us to rule that the BIA factually erred, particularly because the Guatemalan government "demonstrate[d] efforts" to subdue the private actors. *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021); *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Substantial evidence also supports the BIA's determination that Petitioners failed to establish the required nexus to a protected ground. The BIA found that even assuming Petitioners' particular social group was cognizable, the callers were

motivated by the general criminal purpose of extorting Mijangos Gomez for money and not by her status as a "Guatemalan small business owner" or her political opinion. Substantial evidence supports that determination. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58 (9th Cir. 2017) (nexus standard for withholding of removal).

2. Substantial evidence supports the BIA's determination that Petitioners do not qualify for CAT protection. To qualify for CAT protection, "an alien must establish that 'it is more likely than not he or she would be tortured if removed . . .'" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quotation omitted). Determining whether CAT relief is appropriate "requires a two-part analysis—first, is it more likely than not that the alien will be tortured upon return to his [or her] homeland; and second, is there sufficient state action involved in that torture." *Id.* (hyphen added and quotation omitted).

Substantial evidence supports the BIA's determination that Petitioners fail on the second prong—whether the Guatemalan government would be involved in or acquiesce to Petitioners' torture if removed. "[G]eneralized evidence[]" about country conditions "is insufficient for protection under CAT." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). And Petitioners rely entirely on Guatemala's

generalized country report to support their CAT claim. Petitioners do not point to anything in the record that would compel us to conclude that the BIA factually erred. Accordingly, their CAT claim also fails.

**PETITION DENIED.**[2]

---

[2] Petitioners' motion to stay removal, Dkt. 2, is denied. The temporary stay of removal shall remain in place until the mandate issues.