**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAOLA VALENZUELA ALCAZAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-4404

Agency No.
A240-251-592

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2024[**]
Submission Withdrawn November 15, 2024
Resubmitted January 8, 2025
Phoenix, Arizona

Before: HAWKINS, TASHIMA, and OWENS, Circuit Judges.

Paola Valenzuela Alcazar ("Petitioner") petitions for review of a Board of

Immigration Appeals' ("BIA") decision dismissing her appeal from an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") decision denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "We review the BIA's legal determinations de novo" and its "factual determinations for substantial evidence." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. As to asylum and withholding, the BIA properly determined that, even if Petitioner's proposed particular social groups ("PSG") are cognizable, Petitioner did not establish a nexus between any PSG and the harm she suffered. "For asylum, 'the protected characteristic must be "a central reason" for the past or feared harm.'" *Id.* at 551 (citation omitted). "For withholding of removal, an applicant must show only that a 'protected ground is "a reason" for future persecution.'" *Id.* (citation omitted). The BIA concluded that Petitioner failed to meet either standard because she "did not establish that her uncle abused her because of her gender, family membership, nationality or because she could not leave an abusive relationship."[1]

Petitioner first contends the BIA erred by failing to review the IJ's nexus determination de novo. However, the BIA properly applied the clear error

---

[1] The BIA recognized that the standards differ and, contrary to Petitioner's assertion, did not "conflate[] the different nexus standards for asylum and withholding of removal."

standard only in reviewing the IJ's finding that Petitioner's "uncle was not motivated to harm her on account of her membership in the[] [PSGs]." *See id.* at 552 (explaining that "a persecutor's motive" is an "underlying factual finding[]" that the BIA reviews "for clear error").

Petitioner next contends "[t]he BIA failed to provide a reasoned explanation" for its conclusion. However, in support of its finding of no nexus, the BIA cited (1) Petitioner's failure to "identify evidence demonstrating that her uncle was motivated to harm her on account of" any PSG; and (2) the presence of evidence supporting its conclusion that Petitioner's uncle targeted her "because he had the opportunity and means to do so" and because he "was a violent individual." The BIA thus "consider[ed] the issues raised, and announce[d] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (citation omitted).

The evidence does not "compel[] a conclusion contrary to the BIA's." *Umana Escobar*, 69 F.4th at 551. Substantial evidence supports the conclusion that Petitioner's uncle is a violent abuser and a pedophile, and the record does not compel the conclusion that Petitioner's membership in any proposed PSG motivated her uncle's abuse.

Because Petitioner has not shown a nexus between a PSG and the abuse by

her uncle, we do not reach Petitioner's additional contentions regarding the cognizability of her PSGs or her ability to avoid harm by relocating within Mexico. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum and withholding of removal claims.").

2. As to CAT protection, the BIA properly determined that Petitioner did not establish government acquiescence in any torture. To qualify for CAT protection, Petitioner must show she is more likely than not to be tortured by or "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Garcia-Milian v. Holder*, 730 F.3d 996, 1003 (9th Cir. 2013) (citation omitted). Here, the record shows police forwarded to prosecutors a report of threats Petitioner's uncle made to her. "[F]ail[ure] to bring the perpetrators to justice[] is not in itself sufficient to establish acquiescence in the crime." *Id.* at 1004. Further, country conditions evidence indicates the Mexican government is taking steps to address violence against women, including sexual abuse and domestic violence. Thus, substantial evidence supports the BIA's denial of CAT protection.

**PETITION DENIED.** The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.