**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROGELIO MERCADO MEDINA; ELIA
MATA MANCILLA; EMILY MERCADO
MATA; ELEAZAR MERCADO-MATA,

Petitioners,

v.

JAMES R. MCHENRY III, Acting Attorney
General,

Respondent.

No. 24-1137

Agency Nos.
A246-009-365
A208-122-673
A246-002-654
A246-009-367

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025**
Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.

Rogelio Mercado Medina and his wife Elia Mata Mancilla, and their

children Emily Mercado Mata and Eleazar Mercado Mata (collectively,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioners), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal from an Immigration Judge's (IJ) decision denying their applications for asylum, statutory withholding of removal, and relief under the Convention Against Torture (CAT). When, as here, the BIA affirms without an opinion, this court reviews the IJ's decision as the final agency decision. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir. 2003). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Petitioners failed to exhaust their claims that are based on a newly proposed particular social group (PSG). They also failed to exhaust their due process claim based on alleged judicial bias.

In immigration proceedings below, Petitioners sought asylum and statutory withholding of removal based on their membership in the proposed PSG of "[community] members who oppose joining cartels." In their petition for review filed in this court, they abandon that PSG and instead argue, for the first time, that they are entitled to asylum and withholding of removal based on the proposed PSG of "The Immediate Family of Rogelio Mercado Medina." They also argue for the first time that the IJ's rulings displayed judicial bias in violation of their due process rights. Petitioners did not present either of these arguments to the agency.

Under 8 U.S.C. § 1252(d)(1), a petitioner is required to exhaust arguments, including some due process claims, to the agency. Exhaustion is a claims-

processing rule that can be waived. *Santos-Zacaria v. Garland*, 598 U.S. 411, 419, 423 (2023). Because Petitioners did not present any arguments based on the newly proposed PSG or judicial bias to the agency and because the government did not waive the exhaustion issue, we decline to consider these claims. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *cf. Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021) (dismissing petition for review when the petitioner failed to exhaust his due process claim based on the IJ's alleged bias to BIA ).

2. Petitioners forfeited review of the IJ's denial of both asylum and withholding of removal by failing to challenge the agency's dispositive determinations. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

Petitioners do not challenge the IJ's determination that the PSG they presented to the agency—community members who oppose joining cartels—was not legally cognizable. They also do not challenge the IJ's determination that they failed to demonstrate a nexus between any past or future harm and that PSG. Accordingly, as Respondent argues, Petitioners forfeited any claims related to these issues. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (concluding that undeveloped argument was forfeited). The unchallenged no-nexus and non-cognizability determinations are dispositive of Petitioners' claims for asylum and

3                                                                24-1137

withholding of removal. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum and withholding of removal claims."); *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (denying petition for review when PSG was not cognizable), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Therefore, we deny the petition for review as to these claims.

3. Petitioners forfeited review of the denial of CAT protection. In their list of issues presented for review, Petitioners assert that the agency erred by denying CAT protection. But the body of their brief does not develop any arguments regarding their CAT claim. Therefore, Petitioners forfeited review of their CAT claim. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (concluding that the petitioner waived review of her CAT claim by failing to address it in her opening brief).

**PETITION DENIED.**