NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER ALEXANDER ROBLES FAJARDO; SONIA YAMILETH ALMENDARES AVILA; AARON SANTIAGO ROBLES ALMENDARES; ANGEL JAVIER ROBLES ALMENDARES, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-138 <br><br> Agency Nos. <br> A220-146-603 <br> A220-146-604 <br> A220-146-605 <br> A220-299-599 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025[**]
Pasadena, California

Before: GRABER, TALLMAN, and BUMATAY, Circuit Judges.

Lead Petitioner Javier Alexander Robles Fajardo, his wife, and their two

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

minor children (collectively, "Petitioners") are natives and citizens of Honduras. They timely seek review of a decision of the Board of Immigration Appeals ("BIA"), dismissing their appeal of an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252(a)(1).  We review the IJ's decision because the BIA adopted it summarily.  Antonio v. Garland, 58 F.4th 1067, 1072 (9th Cir. 2023).  We review the agency's factual determinations for substantial evidence, meaning that we will not overturn a finding unless the evidence compels a contrary conclusion.  Aleman-Belloso v. Garland, 121 F.4th 1165, 1173 (9th Cir. 2024).  We deny the petition.

1.  Substantial evidence supports the agency's determination that Petitioners failed to establish the required nexus between past harm or feared future harm and Lead Petitioner's political opinion or his membership in a proposed particular social group.  See Rodriguez-Zuniga v. Garland, 69 F.4th 1012, 1018 (9th Cir. 2023) (stating legal standard).  The agency permissibly found that the members of MS-13 who forced Lead Petitioner to pay them, and who threatened and beat him

---

[1] Robles Fajardo listed his wife and two children as derivative beneficiaries on his asylum application.  His wife and children later filed their own applications for asylum, withholding of removal, and CAT protection on the basis of Robles Fajardo's experiences.

when he stopped paying, were motivated solely by the desire to continue their criminal enterprise. Nexus is therefore lacking. See Zetino v. Holder, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground.").

Accordingly, we need not decide whether the proposed particular social groups are cognizable nor whether Lead Petitioner established an actual or imputed political opinion. See Riera-Riera v. Lynch, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [the petitioner's] asylum and withholding of removal claims.").

2. With respect to their CAT claims, Petitioners do not challenge the agency's dispositive determination that their fears of future torture, if returned to Honduras, are "speculative." See Park v. Garland, 72 F.4th 965, 980 (9th Cir. 2023) (stating that, to be eligible for CAT relief, "[t]he record must show that it is more likely than not that the petitioner will face a particularized and *non-speculative* risk of torture" (emphasis altered)). And to the extent that Petitioners mean to undermine that finding by asserting that Lead Petitioner has already experienced harm rising to the level of torture, they waived that argument by failing to raise it before the BIA. See Umana-Escobar v. Garland, 69 F.4th 544, 550 (9th Cir. 2023) (explaining that exhaustion is a mandatory claim processing

rule that we must enforce when, as here, the government properly raises the issue of waiver).

**PETITION DENIED.**