**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JENNYFER JOHANNA BARRERO-RODRIGUEZ; JULIANA FLOREZ-BARRERO,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-4433<br><br>Agency Nos.<br>A220-645-609<br>A220-645-610<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025**
Pasadena, California

Before: PAEZ and R. NELSON, Circuit Judges, and LASNIK, District Judge.***

Jennyfer Johanna Barrero-Rodriguez and her minor daughter, J.F.B., natives

and citizens of Colombia, petition for review of a Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

(BIA) decision dismissing their appeal from an order of an Immigration Judge (IJ) denying their applications for asylum, withholding of removal, and Convention Against Torture (CAT) protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

1. Petitioners' asylum and withholding claims fail because they have not shown that the record compels a finding that there is a nexus between the harm they fear and a protected ground. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A)–(B), 1231(b)(3)(A). Petitioners primarily argue that the social groups they proposed are cognizable, but the BIA assumed as much. Petitioners point to evidence that gang members extorted Ms. Barrero-Rodriguez by threatening to harm her family, but this does not compel a conclusion contrary to the agency's finding that the extortionists were motivated solely by criminal objectives. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010). Nor does the country conditions evidence compel a conclusion contrary to the agency's. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882-83 (9th Cir. 2021). Accordingly, substantial evidence supports the agency's determination that Petitioners failed to prove a nexus between any past or future persecution and a protected ground, which was dispositive of Petitioners' asylum and withholding claims. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

2. Petitioners' CAT claims fail because the record does not compel a

conclusion that it is "more likely than not" that they would be tortured if removed to Colombia. *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005) (quotation omitted).

**PETITION DENIED.**