NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIMON ANTONIO ORELLANA-AGUILAR, | No. 24-3439 |
| | Agency No. |
| Petitioner, | A206-407-360 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2025**
Pasadena, California

Before: MURGUIA, Chief Judge, and R. NELSON and SUNG, Circuit Judges.

Simon Antonio Orellana-Aguilar ("Petitioner"), a native and citizen of El

Salvador, petitions for review of a final order of the Board of Immigration Appeals

("BIA") dismissing his appeal of the decision of the Immigration Judge ("IJ") that

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

"Where the BIA issues its own review of the evidence and law, our 'review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Lopez v. Garland*, 116 F.4th 1032, 1036 (9th Cir. 2024) (quoting *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020)). We review legal questions de novo and factual findings for substantial evidence. *See Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024). Under substantial evidence review, we must uphold the BIA's findings "unless the evidence compels a contrary result." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) (internal quotation marks and citation omitted).

1. Substantial evidence supports the BIA's denial of Petitioner's claim for withholding of removal. To qualify for withholding of removal, a petitioner must show it is more likely than not that his "life or freedom would be threatened" on account of a protected ground. 8 U.S.C. § 1231(b)(3)(A). Specifically, the

---

[1] Petitioner does not challenge the BIA's conclusion that he failed to meet the one-year filing deadline for asylum and did not qualify for any exception to the deadline. As such, we only address the BIA's dismissal of Petitioner's withholding of removal and CAT claims. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (noting that we "need not address" issues that petitioner did not "specifically and distinctly" argue in their opening brief (internal quotation marks and citation omitted)).

petitioner must show that a protected ground is "a reason" for the persecution suffered or feared. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017).

Petitioner testified that when he was attending ninth grade, on dozens of occasions, members of two different gangs would threaten and "request[] money" from him on his weekly walk to and from school. Petitioner would give them money, and when he did not have any money to give, the gang members would threaten to "beat [him] up" and "kill" him. On another occasion in 2006, Petitioner was robbed at gunpoint by someone who "looked like a gang member," but Petitioner could not tell "which one of the gangs" the robber belonged to. Additionally, Petitioner recounted that one of his brothers used to be a gang member, and at some unspecified time, members from one gang tried to recruit Petitioner but he said "no." Based on these events, Petitioner claims fear of future persecution on account of his membership in the proposed particular social group ("PSG") of "young men in El Salvador who refuse gang authority."

Substantial evidence supports the BIA's conclusion that Petitioner's feared persecutors were "motivated to target him for money, and not on account of his membership in the proposed" PSG. During the robbery, Petitioner did not express any resistance to gang authority, and beyond his guess that the robber "looked like a gang member," there is no evidence of who the robber was, whether they knew

Petitioner, or whether they knew Petitioner refused gang authority. Similarly, there is no evidence that Petitioner's resistance to gang authority was a reason that the gang members extorted him on his walks to school. In fact, Petitioner gave money to the gang members when he could afford to. Assuming that his refusal to join one of the gangs is evidence of his resistance, Petitioner has not offered any evidence that his perpetrators knew of that refusal when they extorted him. Consequently, Petitioner "did not demonstrate" that his perpetrators "were motivated by anything other than an economic interest." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) (internal quotation marks and citation omitted); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (noting that a noncitizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Because the lack of nexus is "dispositive" of Petitioner's withholding of removal claim, *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016), we need not and do not address the other grounds upon which the BIA dismissed his claim.

2. Substantial evidence supports the BIA's denial of Petitioner's claim for CAT protection. To qualify for CAT protection, a petitioner must show that it is "more likely than not he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Here, Petitioner has failed to

4

establish a clear possibility that he, "in particular," would suffer torture upon return to El Salvador. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022) (emphasis omitted). Country conditions and evidence of generalized gang violence do not compel a contrary conclusion. *See Dawson v. Garland*, 998 F.3d 876, 885 (9th Cir. 2021).

**PETITION DENIED.**