NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



MAYRA ALEJANDRA RODRIGUEZ
AREVALO; CARLOS FELIPE GIL
RODRIGUEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3920

Agency Nos.
A240-055-130
A240-081-379

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 30, 2025**

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Mayra Alejandra Rodriguez Arevalo and her minor son are natives and

citizens of Colombia. They appeal the Board of Immigration Appeals' ("BIA")

decision affirming an Immigration Judge's ("IJ") denial of Rodriguez Arevalo's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We review de novo "due process challenge[s] in an immigration proceeding." *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1047 (9th Cir. 2023). We review the BIA's factual findings for "substantial evidence," and uphold the BIA's determination "if the decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (quoting *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008)). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part and dismiss it in part.

1. The IJ's treatment of Rodriguez Arevalo's asylum and withholding of removal claims did not violate her due process rights. Rodriguez Arevalo did not identify a particular social group, or any other protected ground, although one is required to establish an asylum or withholding of removal claim. 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.16(b). The IJ's "obligation to fully develop the record" for Rodriguez Arevalo as a pro se applicant did not alleviate Rodriguez Arevalo of her "statutory burden of proof to establish that [she] satisfies the

---

[1] Rodriguez Arevalo's son is a derivative beneficiary of her asylum application. He did not file separate applications for withholding of removal and CAT protection. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT protection).

applicable eligibility requirements for the relief sought." *Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021). Nor did it constitute the IJ impermissibly acting as Rodriguez Arevalo's attorney. *Id.*

Rodriguez Arevalo, moreover, did not challenge on appeal to the BIA the IJ's determination that her claims failed because she could not demonstrate that there was a nexus between her particular social group and the persecution. This "lack of a nexus to a protected ground is dispositive" of her claims for asylum and withholding of removal. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

2. The IJ did not deny Rodriguez Arevalo her due process right to seek counsel. The IJ provided Rodriguez Arevalo with "reasonable time to locate counsel" by granting her four continuances to obtain representation before the merits hearing. *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019) (quoting *Biwot v. Gonzales*, 403 F.3d 1094, 1098–99 (9th Cir. 2005)). Further efforts were not required. *See id.* (stating that there is no denial of petitioner's right to counsel if an IJ "had done everything he reasonably could to permit" the petitioner to obtain counsel (quoting *Biwot*, 403 F.3d at 1099–1100)).

3. Rodriguez Arevalo has not exhausted her claim that the IJ violated her due process rights by providing her a pamphlet in English explaining the application process for special immigrant juvenile status. *Tall v. Mukasey*, 517

23-3920

F.3d 1115, 1120 (9th Cir. 2008) ("[P]rocedural errors that can be remedied by the BIA are not exempted from the exhaustion requirement.").

**PETITION DENIED in part and DISMISSED in part.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.