**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESLYN VANESSA DEL CID LOPEZ; OLIBERTO DEL CID DEL CID; MADELYN VANESSA DEL CID DEL CID, Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-5573 Agency Nos. A208-588-134 A201-564-392 A208-588-135 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025**
Phoenix, Arizona

Before: TALLMAN, BADE, and LEE, Circuit Judges.

Leslyn Vanessa Del Cid Lopez and her two minor children—all natives and

citizens of Guatemala—petition for review of a decision from the Board of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals affirming the immigration judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.*

1.  Substantial evidence supports the agency's denial of asylum and withholding of removal on the ground that Del Cid Lopez failed to establish a nexus between any past or potential future harm and a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); 8 U.S.C. § 1231(b)(3)(A) (withholding of removal). Although Del Cid Lopez argues that she was harmed and will be harmed again because she is a Guatemalan woman and, more specifically, a Guatemalan woman who owns a business, the agency determined that neither ground was a "central reason" or "a reason" for her alleged persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). Del Cid Lopez testified that extortionists targeted her store because they were motivated by money and that they victimized both men and women business owners. We therefore cannot

---

[1] Petitioners seek relief based on the same set of facts.

say that "any reasonable adjudicator would be compelled to conclude," 8 U.S.C. § 1252(b)(4)(B), that Del Cid Lopez suffered or will suffer harm on account of her status as a Guatemalan woman or as a Guatemalan woman who owns a business.

Del Cid Lopez contends that the Board overlooked her actual delineated particular social groups (PSGs) because it characterized one of them as "business owners in Guatemala" rather than "Guatemalan women who are business owners." This argument falls short because, in finding the proposed PSG non-cognizable, the Board cited both the IJ's decision and Del Cid Lopez's pre-hearing brief, both of which identify her proposed PSGs in her own terms. Accordingly, the Board did not err in its analysis.[2]

2.      Substantial evidence also supports the denial of CAT relief. The record does not compel the conclusion that it is more likely than not that Del Cid Lopez would be tortured by or with the consent or acquiescence of a public official if removed to Guatemala. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). When Del Cid Lopez reported the extortion incidents to the police, authorities responded, took reports, and on two or three occasions set up protective surveillance outside her store. While police made no arrests, "a general

---

[2] Because the agency's nexus finding is dispositive, we need not address whether Del Cid Lopez's delineated PSGs are cognizable. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [the petitioner's] asylum and withholding of removal claims.").

ineffectiveness on the government's part to investigate and prevent crime will not suffice to show [the] acquiescence" needed to support a CAT claim. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

The agency did not fail to consider relevant country conditions evidence in its CAT analysis. The IJ admitted that evidence and explained that the court "considered all of the evidence of record, even if not explicitly mentioned." And, acknowledging country conditions, the Board "recognize[d] that crime is a serious issue in Guatemala." That is sufficient. *See Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) (quoting *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010)) ("The agency need not engage in a lengthy discussion of every contention raised," it need only "consider [them], and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.").

**PETITION DENIED.**