NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR BENJAMIN CRUZ-NOLASCO, DANIELA ASTRID CRUZ-RIVERA<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 20-73250<br><br>Agency Nos.<br>A208-291-768;<br>A208-291-769<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2026[**]
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Edgar Cruz-Nolasco ("Cruz-Nolasco") and his daughter (collectively, "petitioners") petition for review of an order by the Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's denial of their claims for asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture.[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the BIA's denials of asylum and withholding of removal for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Relief for asylum and withholding of removal requires a petitioner to show a nexus between past or future harm and a protected ground. 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A). If a petitioner fails to show any nexus, then the petitioner's asylum and withholding claims both fail. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).

Here, substantial evidence supports the agency's conclusion that petitioners did not demonstrate a nexus between the harm and a protected ground because the record does not compel the conclusion that the gang members were motivated by Cruz-Nolasco's membership in any particular social group ("PSG"). Rather, the record supports the conclusion that the gang members' motive for extorting and threatening Cruz-Nolasco was only financial. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (stating that a noncitizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

---

[1] Petitioners do not appeal the denial of their claim for protection under the Convention Against Torture. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (stating that issues not "specifically and distinctly" argued in an opening brief may be deemed forfeited (citation modified)).

Even assuming the gang members targeted Cruz-Nolasco because he was a business owner, petitioners do not assert a PSG of "business owners." They assert only a PSG of "Salvadoran business owners who refused to pay extortion money." And although Cruz-Nolasco could not pay the gang members' extortion demands at times, the record does not compel the conclusion that the gang members targeted Cruz-Nolasco because he "refused to pay."

Because the failure to establish nexus is dispositive of petitioners' claims for asylum and withholding of removal, we need not, and thus do not, reach petitioners' remaining arguments. *See Rodriguez-Zuniga*, 69 F.4th at 1018; *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum and withholding of removal claims.").

The petition is **DENIED.**