NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO CAMARENA-
HERNANDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-2570

Agency No.
A205-712-385

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2026**
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District
Judge.***

Francisco Camarena-Hernandez ("Camarena"), a native and citizen of

Mexico, petitions for review of a decision of the Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jeffrey Vincent Brown, United States District Judge
for the Southern District of Texas, sitting by designation.

("BIA") dismissing Camarena's appeal from an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The parties are familiar with the facts, so we recount them only as necessary to provide context to our ruling. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review both the BIA's final order "and those parts of the IJ's decision that the BIA expressly adopted." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (citing *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)). We review the BIA's factual findings for substantial evidence and legal questions de novo. *Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012).

1. Camarena failed to challenge the BIA's conclusion that he waived any challenge to the IJ's decision that his asylum application was time-barred. Camarena has also failed to challenge the BIA's denial of humanitarian asylum. Accordingly, Camarena has forfeited these claims. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc); *see also* Fed. R. App. P. 28(a)(8)(A).

2. Substantial evidence supports the BIA's finding that Camarena did not suffer past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (noting that "persecution is an extreme concept" that "does not include every sort of

25-2570

treatment our society regards as offensive" (internal quotation marks omitted)). Camarena's only incident of past harm occurred at 14 years old due to a "misunderstanding" or "problem with a kid who was [his] age," and the kid's father shot Camarena in the leg. Generally, "one incident [does] not compel a finding of past persecution." *Singh v. Garland*, 57 F.4th 643, 655 (9th Cir. 2023) (citing *Gu*, 454 F.3d at 1020–21). Accordingly, we are not compelled to conclude that Camarena suffered past persecution. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (noting that to reverse an agency's factual finding, we must determine that "the evidence not only *supports* [the contrary] conclusion, but *compels* it").

3. Substantial evidence also supports the BIA's finding that Camarena did not establish a clear probability of future harm in Mexico. Camarena testified that he fears returning to Mexico because of "no security there," "delinquency," and not knowing "what's going on" with the government. He added that he has lived half of his life in the United States and that his kids are in the U.S. But Camarena also testified that his only family who currently live in Mexico—three sisters—live there safely. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021) ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."). Any future threat to Camarena "is speculative on this record." *Id.*

4. Nor did the BIA err in concluding that Camarena did not establish the

requisite nexus between any past or feared harm and any protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (to qualify for withholding of removal, a nonresident must demonstrate that a protected ground is "a reason" why their life or freedom would be threatened). Camarena presented no evidence other than generalized violence and his three children's U.S. citizenship to support the claimed nexus to his alleged protected ground—membership in the particular social group of Mexican fathers with United States citizen children.[1] Generalized violence is not enough to establish a nexus to a protected group. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("A [noncitizen's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). And "[t]he lack of a nexus to a protected ground is dispositive of [Camarena's] withholding of removal claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

5. Substantial evidence supports the BIA's denial of CAT relief because Camarena will not be subject to torture in Mexico "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Camarena fails

---

[1] The BIA did not address whether Petitioner's proposed social group is cognizable. As a result, that determination is not properly before us, and we do not consider the merits of this proposed social group in our review of the BIA's final order. *See Toor v. Lynch*, 789 F.3d 1055, 1064 (9th Cir. 2015) (noting the court's review is limited to the reasons set forth by the BIA).

to meet his burden by presenting little to no evidence of this threat to himself or to his family. *See* 8 C.F.R. § 1208.16(c)(2). His country-conditions report refers only to generalized violence and does not support Camarena's argument that authorities in Mexico will not help him if he is targeted. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("[E]vidence that a government has been generally ineffective in preventing or investigating criminal activities [does not] raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations.").

      **PETITION DENIED.**[2]

---

[2] Camarena's motion and supplemental motion to stay removal, Dkt. Nos. 3, 8, are **DENIED**.