NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR ARMANDO CRUZ-COELLO; NAYELI ABIGAIL CRUZ-PALMA; DANIA MELISA PALMA-FLORES; ALLISON DAHOMEY CRUZ-PALMA,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-683<br><br>Agency Nos.<br>A203-470-789<br>A215-584-081<br>A215-584-080<br>A203-470-790<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 3, 2025
Pasadena, California

Before: CLIFTON, IKUTA, and CHRISTEN, Circuit Judges.

Edgar Cruz-Coello, his wife Dania Palma-Flores, and their daughters,

Allison Cruz-Palma and Nayeli Cruz-Palma, natives and citizens of Honduras,

petition for review of the Board of Immigration Appeals' (BIA) dismissal of their

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

appeal of an Immigration Judge's (IJ) denial of their asylum, withholding of removal, and protection under the Convention Against Torture (CAT) claims. Cruz-Coello is the lead petitioner. The other three are derivative applicants. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

We review legal issues de novo and factual findings for substantial evidence, meaning those findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Substantial evidence supported the denial of asylum. An asylum applicant "must show a nexus between [the applicant's] past harms or feared future harm and [the applicant's] statutorily protected characteristics." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). Substantial evidence supported the BIA's conclusion that Petitioners failed to establish a sufficient nexus with the proposed particular social group of family members of Allison Cruz-Palma. El Travieso pursued Allison because of his sexual interest in her, not because of her family membership. He threatened Cruz-Coello and the other applicants not because of the family relationship but because of Cruz-Coello's attempt to obstruct El Travieso's pursuit of his daughter.

2. Substantial evidence supported the denial of withholding of removal. If an applicant's asylum claim has not established a nexus, then that is "dispositive

of . . . [the] withholding of removal claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

3. Substantial evidence supported the agency's finding that Petitioners failed to establish that it is more likely than not that they would be tortured with the acquiescence of the Honduras government. *See Umana-Escobar v. Garland*, 69 F.4th 544, 553 (9th Cir. 2023). Petitioners acknowledged that the Honduran government would be unlikely to support torture openly, and they failed to cite evidence to support the assertion that the authorities would turn a blind eye.

**PETITION DENIED.**