NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN CARLOS MARTINEZ
RAMIREZ; JULIA TAHOMY VASQUEZ
MEJIA; TAHOMY DARIANA
MARTINEZ VASQUEZ; LUCAS
SEBASTIAN MARTINEZ VASQUEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1126

Agency Nos.
A220-146-683
A220-146-684
A220-146-685
A220-146-686

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2025[**]
Pasadena, California

Before: GILMAN[***], M. SMITH, and VANDYKE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

Juan Carlos Martinez Ramirez and his three family members (collectively, Petitioners), all citizens of El Salvador, petition for review of a decision by the Board of Immigration Appeals (BIA) dismissing their appeal of a ruling by an Immigration Judge (IJ) that denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. Substantial evidence supports the BIA's decision to deny Petitioners' claims for asylum and withholding of removal, which is the appropriate standard of review for factual determinations. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021). To qualify for asylum or withholding of removal, an applicant must establish that the past or feared harm was on account of one of five statutorily protected grounds. *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009). The applicant must show, through direct or circumstantial evidence, that the alleged persecutor was motivated by the applicant's protected characteristic. *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992). "[I]f the persecutor has no idea what the victim's political opinion is and does not care what it is, then even if the victim does reasonably fear persecution, it would not be 'on account of' the victim's political opinion." *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017).

Petitioners claimed membership in two proposed particular social groups:

"[T]he Martinez family" and "Salvadoran business owners." The BIA found that Petitioners had failed to establish a nexus between either of these groups and any past or feared future harm because the gangs extorting businesses were motivated by "criminal purposes only." The IJ found that the "gang members victimized [Petitioners] to enrich their criminal enterprise" and not "on account of a protected ground." *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) ("Where the record indicates that the persecutor's actual motivation for threatening a person is to extort money from a third person, the record does not compel finding that the persecutor threatened the target because of a protected characteristic such as family relation.").

Petitioners only mention nexus in one sentence, and "arguments presented in such a cursory manner are waived." *Badgley v. United States*, 957 F.3d 969, 978–79 (9th Cir. 2020). The lack of nexus is dispositive of Petitioners' asylum and withholding claims. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). We therefore deny the petition with respect to those claims.

2. As to Petitioners' CAT claim, substantial evidence supports the BIA's decision to dismiss the appeal. The IJ found that Petitioners never experienced torture in El Salvador, that their fear of torture was speculative, and that they presented no particularized fear of torture. On review, the BIA upheld the IJ's determination that Petitioners "did not meet their burden to show that they warrant

3                                                                    24-1126

protection under the CAT" and explained that Petitioners' appeal did not "establish any clear error of fact or legal error" regarding their CAT claim. The BIA also upheld the IJ's determination that Petitioners did not establish that the Salvadoran government "was or would be unable or unwilling to protect them," noting that the government is taking action to combat gang violence. Petitioners, moreover, failed to show that the Salvadoran government would acquiesce or be willfully blind to the gangs' criminal activities. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Nor does evidence that a government has been generally ineffective in preventing or investigating criminal activities raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations."). We therefore also deny the petition with respect to the CAT claim.

**PETITION DENIED.**