NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| NORBERTA MAGDALENA PUAC-PUAC; E. G. M-P., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2820 <br><br> Agency Nos. <br> A215-587-900 <br> A215-587-901 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2025**
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE, District Judge.***

Norberta Magdalena Puac-Puac and her minor child (Petitioners), natives of

Guatemala petition for review of the Board of Immigration Appeals (BIA)'s

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

dismissal of an appeal from an Immigration Judge (IJ)'s decision denying their applications for asylum, statutory withholding of removal, and relief under the Convention Against Torture (CAT).[1]  When, as in this case, the BIA affirms the IJ pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), and "does not express any disagreement with the IJ's reasoning or conclusions, we revisit both decisions and treat the IJ's reasons as those of the BIA."  *Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

 1. Petitioners forfeited review of the agency's denial of both asylum and withholding of removal by failing to challenge the agency's dispositive determinations that they failed to establish a cognizable particular social group (PSG) and failed to show a nexus between a protected ground and past or future harm.  *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (arguments that are not meaningfully developed in a petitioner's opening brief are forfeited).

 Applicants for asylum and withholding of removal have the burden of demonstrating a nexus between any past harm or feared future harm and a protected ground.  *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023)

---

[1] Petitioner Puac-Puac's minor child is a derivative beneficiary of her application for asylum under 8 U.S.C. § 1158(b)(3)(A).  The minor child did not file a separate application for withholding of removal or CAT protection, and those forms of relief do not allow for derivative claims.  *Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

("A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal."); *see also* 8 U.S.C. § 1158(b)(1)(B)(i) (listing protected grounds). Petitioners allege persecution based on two protected grounds: (1) membership in the proposed PSG "Members of Family and Quiche Speaker," and (2) indigenous race.

We have recognized that the "requirements for a cognizable group [are] an immutable characteristic, particularity, and social distinction." *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020) (citing *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 227 (B.I.A. 2014)). The applicant must establish "all the requirements" for a PSG to constitute a protected ground. *Id.* Applying these requirements, the agency determined that the proposed PSG was not legally cognizable for lack of particularity and social distinction. Petitioners do not challenge the determination that the proposed PSG did not satisfy these two requirements. Instead, Petitioners' opening brief can be reasonably understood as arguing for different, or fewer, requirements. But we are bound by our prior precedent. *Silva v. Garland*, 993 F.3d 705, 717 (9th Cir. 2021), *abrogated on other grounds*, *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024); *Loper Bright Enters.*, 603 U.S. at 412 (clarifying that "the Court's change in interpretive methodology" did not "call into question prior cases that relied on the *Chevron* framework").

24-2820

In addition to failing to challenge the agency's determination that the proposed PSG did not meet two of the necessary requirements, Petitioners also fail to challenge the agency's determination that they did not demonstrate a nexus between any past or future harm and the other alleged protected ground: indigenous race. Therefore, as the government argues, Petitioners forfeited any claims related to both issues. *Hernandez*, 47 F.4th at 916; Fed. R. App. P. 28(a)(8).

The agency's unchallenged nexus and cognizability determinations are dispositive of the claims for asylum and withholding of removal. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum and withholding of removal claims."); *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (denying petition for review when PSG was not cognizable), *abrogated on other grounds*, *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Therefore, we deny the petition for review as to these claims.

2.    The BIA determined that Petitioner Puac-Puac forfeited review of the denial of CAT protection. Petitioner argues that the BIA failed to consider all the evidence, but she does not challenge the BIA's waiver determination. The BIA properly found that Puac-Puac waived any challenge to the denial of CAT protection because her brief to the BIA did not include any specific arguments

pertaining to that issue. S*ee Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) ("[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed.").

Puac-Puac also argues that the IJ failed to consider all the evidence pertaining to CAT protection, but she did not present this argument to the BIA and therefore failed to exhaust her administrative remedies. 8 U.S.C. § 1252(d)(1). Because the government raised the exhaustion requirement, we decline to consider Puac-Puac's arguments related to the denial of CAT protection. *See Santos-Zacaria v. Garlan*d, 598 U.S. 411, 419, 423 (2023) (holding that § 1252(d)(1) is a non-jurisdictional, claim-processing rule that this court must enforce unless waived or forfeited).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.