NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTA ALICIA SANTAMARIA-
RAMIREZ, et al.,

          Petitioners,

  v.

PAMELA BONDI, Attorney General,

          Respondent.

No. 24-2700

Agency Nos.
A208-689-027 & A208-689-028

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before:     OWENS, LEE, and BUMATAY, Circuit Judges.

     Marta Alicia Santamaria-Ramirez and her son, natives and citizens of

Honduras, petition pro se for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and protection under the

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's legal determinations, and review for substantial evidence the agency's factual findings. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We deny the petition for review.

The agency concluded that Petitioners failed to establish a nexus between any past or future persecution and a protected ground. Failure to establish nexus is dispositive for both asylum and withholding of removal claims. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). Petitioners' opening brief does not address or challenge the agency's nexus conclusion. Because Petitioners failed to meaningfully challenge the agency's dispositive conclusion on their asylum and withholding of removal claims, those issues are waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that a party waives an issue by failing to address it in their opening brief).

In any event, substantial evidence supports the agency's determination that Petitioners failed show a reasonable possibility that the harm Petitioners fear would be on account of a protected ground. *See Riera-Riera*, 841 F.3d at 1081.

Substantial evidence also supports the agency's denial of CAT protection because Petitioners failed to show it is more likely than not that they will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014)

24-1622

("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'" (internal citation omitted)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**