**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MARLIN ELIZABETH BONILLA-GAMEZ; G. A. R.-B.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-993

Agency Nos.
A215-828-666
A215-828-667

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2025**
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Marlin Elizabeth Bonilla-Gamez and her minor daughter petition for review

of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") denial of asylum and withholding of removal. We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

When the BIA incorporates the IJ's decision, we "review the IJ's findings to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We review the Agency's factual findings for substantial evidence. *Lapadat v. Bondi*, 145 F.4th 942, 950–51 (9th Cir. 2025). Under the substantial evidence standard, these findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the BIA's denial of asylum and withholding of removal. To qualify for asylum, an applicant must demonstrate past "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular group, or political opinion." 8 U.S.C. § 1101(a)(42). And withholding of removal is proper if the petitioner's "life or freedom would be threatened" in the country of removal "because of the alien's religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "The lack of a nexus to a protected ground is dispositive" for both "asylum and withholding of removal claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

Bonilla-Gamez fears that the Mara Salvatrucha ("MS-13") gang will kill her if she returns to Honduras. Her brother was a member of MS-13. MS-13 members killed her brother when he failed to pay back debts he owed the gang. After Bonilla-Gamez's brother's death, MS-13 members visited her and told her that she had

"assumed the debt that he had to pay" and "now was responsible" for the debt. She clarified that if her brother did not owe money to MS-13, the gang would not "be interested" in her. Substantial evidence supports the BIA's finding that MS-13 members targeted Bonilla-Gamez because of their "desire to obtain money that they believe [her] brother owed them."

Although "'extortion-plus' persecution is possible[,]" meaning that "someone could be motivated to extort a particular person by . . . actual animus towards their family," the record here does not compel that conclusion. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020–21 (9th Cir. 2023) (persecution was not on account of family membership where robber threatened a family member "only as an instrumental means to obtain money, and was not motivated intrinsically by [the] familial relationship"). And a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground" under §§ 1101(a)(42) and 1231(b)(3)(A). *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Substantial evidence thus supports the BIA's denial of asylum and withholding of removal.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. No. 2) is otherwise denied.