NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALERIA BANDERAS DUARTE; E. M. B.; B. V. B. D., | No. 25-120 |
| Petitioners, | Agency Nos. A209-390-539 A209-390-540 A209-390-541 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2025**
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.
Partial Dissent by Judge BUMATAY.

Valeria Banderas Duarte, a native and citizen of Mexico, and her children as

derivative asylum applicants, petition for review of the Board of Immigration

Appeals' ("BIA") decision dismissing their appeal of the immigration judge's ("IJ")

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order denying Banderas Duarte's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, we review both decisions to the extent the BIA, in reaching its decision, relied on the grounds considered by the IJ. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016); *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). We grant the petition in part, deny it in part, and remand.

1. The Agency erred by failing to address Banderas Duarte's asylum and withholding of removal claims based on her proposed particular social group ("PSG") of Mexican women. Banderas Duarte's I-589 application stated that she was assaulted several times "and I think it was because I am a woman," that she was "afraid that they will do something to me because I am a woman," and that "[t]he government does nothing to protect women." At the beginning of her hearing, she told the IJ she had a letter "that has to do with the fact that they do nothing over there to protect women." Thus, Petitioners raised the PSG of Mexican women and the IJ erred in failing to address it. "Failure to address a social group claim . . . constitutes error and requires remand." *Antonio v. Garland*, 58 F.4th 1067, 1075 (9th Cir. 2023).

Moreover, because Banderas Duarte was pro se, the IJ had the "obligation to fully develop the record, meaning . . . scrupulously and conscientiously probe into,

inquire of, and explore for all the relevant facts," being "especially diligent in ensuring that favorable as well as unfavorable facts are elicited." *Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021) (internal quotation marks and citation omitted). Because the IJ did not recognize her particular social group, the IJ did not fully "probe into, inquire of, and explore" any facts as to whether Banderas Duarte's assailants were motivated, at least in part, by her status as a Mexican woman. *Id.* at 1226. Thus, the record before the BIA has not been fully developed as to the viability of this PSG and whether Petitioners can establish a nexus to it. *See Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019) ("[Petitioner] is entitled to have the IJ first consider the facts that define his proposed group, and neither the BIA nor the Ninth Circuit is authorized to undertake the initial factfinding necessary to determine the viability of the group.").

Further, while the BIA upheld the IJ's internal relocation determination, that determination is not an alternative, independent basis on which we can uphold the Agency's denial of asylum and withholding here. Under the regulations currently in effect, 8 C.F.R. §§ 1208.13(b)(3)(i)–(ii) (2020), 1208.16(b)(3)(i)–(ii) (2020), the burden of demonstrating that internal relocation would be safe and reasonable depends on whether an applicant has established past persecution; where she has established past persecution, "it shall be presumed that internal relocation would not be reasonable," *id.* §§ 1208.13(b)(3)(ii), 1208.16(b)(3)(ii). The Agency has not yet

3

determined whether Banderas Duarte suffered past persecution on account of her status as a Mexican woman. Its prior relocation determination placed the burden on Banderas Duarte based on its incomplete conclusion that she had not established past persecution. Accordingly, "the BIA's internal relocation determination . . . does not provide an independent basis for its decision, and remand to the agency is required." *See De Souza Silva v. Bondi*, 139 F.4th 1137, 1145 (9th Cir. 2025) (noting that the December 2020 amendments to 8 C.F.R. § 1208.13(b)(3)(iii) altering this presumption are currently enjoined).

2. Substantial evidence supports the Agency's determination that Banderas Duarte did not establish that she is eligible for CAT protection because she failed to show that Mexico would acquiesce to her torture. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003). The only evidence Banderas Duarte presented was her own speculation that Mexican police are easily bribed. But, "speculative fear of torture is not sufficient to satisfy the applicant's burden." *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021).

**PETITION GRANTED in part and DENIED in part; REMANDED.**[1] **The parties shall bear their own costs.**

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied as moot.

BUMATAY, Circuit Judge, dissenting in part:

Assuming that the IJ failed to address Petitioners' particular social group of "Mexican females," the BIA declined to remand the case back to the IJ because the lead Petitioner "has not shown that consideration of her new particular social group would establish her *prima facie* eligibility for relief or affect the outcome of the case." The BIA ruled that lead Petitioner could not demonstrate a "nexus" to any protected ground, which is dispositive on her asylum and withholding of removal claims. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). I thus respectfully dissent in part.

Even if lead Petitioner could establish membership of "Mexican females" or any other protected ground, substantial evidence supports the BIA's determination that her two putative persecutors were motivated by criminality and/or monetary gain. *See Barajas-Romero v. Lynch,* 846 F.3d 351, 360 (9th Cir. 2017). Petitioners must show the "motive" of her putative prosecutors through "direct or circumstantial" evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). "But where . . . the agency concludes that the petitioner has not shown *any* nexus whatsoever, then the petitioner fails to establish past persecution for both asylum and withholding." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). Petitioners always retain the burden of proving a nexus. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009).

25-120

Based on the record developed by the IJ, there is nothing more that lead Petitioner could add on remand. Lead Petitioner alleged that she was robbed 3 or 4 times while selling food. Lead Petitioner testified that the "only reason" the robber took her money was "just to do drugs. That's what they use [the money] for." Relying on this testimony, the IJ reasonably found that the robber was only motivated by "his own criminal agenda"—a finding the BIA affirmed. As we have previously held, "[a]n alien's desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground." *Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir. 2010).

Lead Petitioner also alleged that she was sexually abused by her brother when she was a minor. Lead Petitioner testified that her brother said nothing evincing a motive during her abuse. When the IJ asked her if her brother said anything during these incidents, she responded, "Well, no. I mean he would not say anything to me. He would just you know, hurt me[.]" Lead Petitioner declined to provide any further information that would demonstrate motive. When the IJ asked if "there [was] anything about the incidents that occurred with your brother, anything else that you want me to know?," lead Petitioner responded, "No. Just what he did to me." The IJ further found that there was a "lack of evidence that he harmed any other woman or female relative." Based on this record, the BIA reasonably concluded that the brother was motivated by "his criminal interests."

Because the nexus issue is dispositive, substantial evidence supports the BIA's denial of Petitioners' asylum and withholding from removal claims. I respectfully dissent in part.