**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSMAN ENRIQUE MENDOZA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 20-72426

Agency Nos.
A206-900-975

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2026**
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

Petitioner Osman Enrique Mendoza, a native and citizen of Nicaragua, seeks

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

Immigration Judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Petitioner's claims for relief are based on his fear of violence, on account of his political opinion, after receiving two death threats from Sandinista National Liberation Front ("FSLN") members trying to recruit him to join the party. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Our review is 'limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015) (citation omitted). We review factual findings under the highly deferential substantial evidence standard and review legal questions de novo. *Id.*

1. The BIA properly ruled that Petitioner waived review of the IJ's finding that the mistreatment he suffered did not rise to the level of past persecution. While Petitioner argued in his brief to the BIA that "the IJ erred in finding that [Petitioner] did not show past persecution," this statement alone was insufficient to preserve his right to appeal. Under the mandatory, claim processing rule of 8 U.S.C. 1252(d)(1), *Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024) (citing *Santos-Zacaria v. Garland*, 598 U.S. 411, 416–23 (2023)), "[a] petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). While "[a] petitioner need not use precise legal terminology to exhaust his claim" nor "provide a well developed argument," the petitioner must put the BIA "sufficiently on notice so that it had an

2                                                                    20-72426

opportunity to pass on th[e] issue." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (internal quotation marks omitted).

Petitioner did not explicitly present his challenge to the IJ's finding nor was there sufficient context from which the BIA could have notice of this challenge. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (finding statement that "the IJ failed to consider the appropriate factors," where the IJ discussed two out of three factors, was sufficient context to give the BIA notice that petitioner was challenging the failure to consider the omitted factor); *Garcia v. Lynch*, 786 F.3d 789, 793 (9th Cir. 2015) (finding that while the petitioner "did not spell out in so many words" the issue to the BIA, he articulated "each essential part of the contention" and therefore gave the BIA the opportunity to correct its error).

Because Petitioner failed to exhaust the argument that the death threats he received constitute persecution on their own, we do not consider this argument. *Umana-Escobar*, 69 F.4th at 550 ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." (quoting *Bare*, 975 F.3d at 960)).

2. Even if the panel heard Petitioner's argument that the death threats he

received constitute persecution on their own, substantial evidence supports the BIA's finding that Petitioner did not demonstrate a well-founded fear of future persecution in Nicaragua on account of an imputed political opinion.

Neither Petitioner's direct or circumstantial evidence compels finding that the perpetrators were motivated by Petitioner's actual or imputed political opinion. *See INS. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Ahmed v. Keisler*, 504 F.3d 1183, 1192 (9th Cir. 2007). Petitioner argues that the mere fact that the Sandinistas were trying to recruit him indicated that they viewed him as a non-member of the party, and that this inference was supported by country condition evidence, Petitioner's voting history with the Liberal Party, his lack of possession of the FLSN identification card, and his lack of participation in FLSN events. Yet Petitioner also conceded that the FLSN party members' motivation when they threatened him was to increase the party's membership, and that the FLSN members never mentioned—or even indicated they knew of—Petitioner's political opinions.

Given that Petitioner also stated the party was trying to "recruit all the young men" in the country, there is no evidence compelling the conclusion that he was singled out because of an imputed political opinion. Petitioner "presented little evidence that his attackers were motivated by anything other than his refusal to join them, increase their ranks, and participate in their violent activities." *See*

4

*Regalado-Escobar v. Holder*, 717 F.3d 724, 730 (9th Cir. 2013). Therefore, Petitioner's imputed political opinion was not shown to be "at least one central reason" for the Sandinistas' threats. *See* 8 U.S.C. § 1158(b)(1)(B)(i). Because "[t]he lack of a nexus to a protected ground is dispositive of his asylum and withholding of removal claims," *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016), Petitioner's asylum and withholding claims fail.

3. The BIA properly found that Petitioner did not meaningfully challenge the IJ's denial of CAT protection, thereby waiving the issue. While Petitioner raised the CAT issue in one of the headers in his brief to the BIA and stated the eligibility standard for CAT protection, Petitioner did not provide any arguments for how the IJ erred in denying his application for CAT protection. Nor did Petitioner's brief to this Court meaningfully challenge the BIA's finding that Petitioner waived this issue. Because Petitioner waived the CAT issue, he has not exhausted his argument that he could not safely relocate within Nicaragua. *Umana-Escobar*, 69 F.4th at 550. Accordingly, we do not consider this argument.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. No. 1) is otherwise denied.