NOT FOR PUBLICATION



**FILED**

FEB 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IRIS LIZETH RAPALO-MURCIA;
BRITTANY LIZETH HERNANDEZ-
RAPALO,

          Petitioners,

  v.

PAMELA BONDI, Attorney General,

          Respondent.

No.   17-70750

Agency Nos.   A200-774-847
                A206-726-703

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026[**]
San Francisco, California

Before:  N.R. SMITH, NGUYEN, and SANCHEZ, Circuit Judges.

Iris Lizeth Rapalo-Murcia and her minor daughter, both natives and citizens

of Honduras, petition for review of the Board of Immigration Appeals' ("BIA")

decision affirming the Immigration Judge's ("IJ") denial of their applications for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence, *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), and the BIA's determination of whether a proposed particular social group is cognizable de novo, *Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024). We deny the petition for review.

1. Substantial evidence supports the BIA's determination that Petitioners did not establish a nexus between their past or feared future harm and a protected ground. Rapalo-Murcia testified that financial gain motivated the gang's extortion. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) ("Where the record indicates that the persecutor's actual motivation for threatening a person is to extort money . . . , the record does not compel finding that the persecutor threatened the target because of a protected characteristic[.]"). Petitioners did not identify any evidence that compels the conclusion that they expressed (or that gang members imputed) an anti-gang political opinion. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (holding that the BIA reasonably determined

---

[1] Rapalo-Murcia is eligible only for withholding of removal and CAT protection because she was previously removed from the United States. Rapalo-Murcia's daughter applied for asylum, withholding of removal, and CAT protection based on the same facts as Rapalo-Murcia's application.

that a general aversion to gangs does not constitute a political opinion for asylum purposes where the record contained no evidence the petitioner "was politically or ideologically opposed to the ideals espoused by" the gangs), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Petitioners' proposed particular social group of business owners also lacks immutability, rendering it not cognizable. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882-83 (9th Cir. 2021) ("[B]eing a wealthy business owner is not an immutable characteristic[.]"). Limiting the group to "business owners threatened with death by gang members who lack police protection" does not solve the immutability issue; it impermissibly defines the group by the persecution itself. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1086 (9th Cir. 2020) ("[A] group may be deemed impermissibly 'circular' if, after conducting the proper case-by-case analysis, the BIA determines that the group is 'defined exclusively by the fact that its members have been subjected to harm.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 242 (BIA 2014))).

Because the record does not compel the conclusion that Petitioners' past or feared future harm bears *any* nexus to a protected ground, the BIA did not err in failing to distinguish between the asylum and withholding of removal nexus standards. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (noting there was no need to distinguish between asylum and withholding nexus

3

standards where there was no nexus at all between the persecution and protected ground). We need not address Petitioners' remaining arguments on asylum or withholding of removal as the nexus determination is dispositive. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [the] asylum and withholding of removal claims.").

2. Substantial evidence also supports the BIA's denial of Petitioners' CAT claims. The record supports the agency's conclusion that Petitioners' fear of future torture was based on a "hypothetical chain of events." *See Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022) ("[I]f an applicant would be tortured only if a single 'hypothetical chain of events' comes to fruition, CAT relief cannot be granted unless each link in the chain is 'more likely than not to happen.'" (quoting *Matter of J-F-F-*, 23 I. & N. Dec. 912, 917-18 (AG 2006))). Petitioners did not suffer past torture. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022) ("Evidence of past torture is relevant (though not alone sufficient) in assessing a particular petitioner's likelihood of future torture."). Their family members avoided issues with gangs by relocating within Honduras. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023) (noting petitioner's family

4

was able to reside in the country without issue as support for denying CAT protection). And country conditions evidence reflects that the government of Honduras is taking steps to address gang violence, even if its efforts have not been successful yet. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). Thus, the record does not compel the conclusion that Petitioners will more likely than not be tortured by the MS-13 gang with the Honduran government's acquiescence. *See Gutierrez-Alm*, 62 F.4th at 1200-01.

**PETITION DENIED.**