NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YAJAIRA PADILLA-PERDOMO; A. A., Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 17-70299 Agency Nos. A206-715-258 A206-715-259 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2026**
Pasadena, California

Before: SCHROEDER, WARDLAW, and BADE, Circuit Judges.

Yajaira Padilla-Perdomo and her minor daughter, A. A.,[1] natives and

citizens of Honduras, petition for review of a decision of the Board of Immigration

Appeals ("BIA") dismissing their appeal from an Immigration Judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] A. A. is a derivative beneficiary of Padilla-Perdomo's asylum application.

denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review the BIA's factual findings for substantial evidence and will reverse only if "any reasonable adjudicator would be compelled to conclude to the contrary." *Ali v. Holder*, 637 F.3d 1025, 1029 (9th Cir. 2011). Where, as here, the BIA conducts its own analysis, we review the BIA's decision except to the extent it expressly adopts the IJ's reasoning. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006).

1. Substantial evidence supports the BIA's determination that Petitioner failed to demonstrate past persecution or a well-founded fear of future persecution in Honduras. Petitioner asserts membership in the particular social group ("PSG") of "persons directly in opposition to gang activities due to personal beliefs." Assuming that this PSG is cognizable, Petitioner failed to demonstrate that gang members targeted Petitioner or her family on that basis. Rather, the record supports the agency's conclusion that the gang's motivation was economic. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023); *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004). Further, Petitioner points to no evidence that gang members were even aware of Petitioner's opposition to gang activity. *Rodriguez-Zuniga*, 69 F.4th at 1020. Because Petitioners have failed to

2

establish a nexus between their putative PSG and any past or feared future harm, we need not address additional contentions regarding the cognizability of their PSGs or ability to avoid harm by relocating. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

2. Because Petitioner failed to establish any nexus between the harm she fears and the proposed PSG, her claim for withholding of removal also fails. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (noting that while the nexus standard for withholding of removal is "less demanding" than for asylum, there is no distinction when there is "no nexus at all").

3. Substantial evidence also supports the agency's denial of CAT protection. To qualify for CAT relief, the petitioner bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to his native country. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Petitioner did not claim that she personally suffered harm rising to the level of torture, nor did she establish a particularized risk of future torture. Though Petitioner testified that the Mara 18 gang burned her partner's motorcycle, this alone does not compel a finding of torture. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995) (concluding that attacks on a noncitizen's property did not compel a factfinder to conclude that persecution existed); *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) ("[T]orture is more severe than

3

persecution."). Generalized evidence of gang violence and corruption in Honduras likewise does not compel CAT relief. *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006).

**PETITION DENIED**.