NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID RICARDO OCHOA-VASQUEZ, | No.   20-71159 |
| Petitioner, | Agency No. A208-903-484 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2026**
Las Vegas, Nevada

Before:  BENNETT and SANCHEZ, Circuit Judges, and HOLCOMB,*** District Judge.

David Ricardo Ochoa-Vasquez, native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals ("BIA") decision dismissing his

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable John W. Holcomb, United States District Judge for the Central District of California, sitting by designation.

appeal of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

1. The BIA dismissed Ochoa-Vasquez's asylum and withholding-of-removal claims because he had not challenged the IJ's finding that he lacked a nexus to a protected ground, which was dispositive to those claims. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [petitioner's] asylum and withholding of removal claims."). On appeal, Ochoa-Vasquez does not address, and has therefore forfeited, his challenge to that dispositive determination. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that the petitioner forfeited an argument by failing to "specifically and distinctly" raise it in his opening brief (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020))).

2. Ochoa-Vasquez's challenge to the BIA's denial of CAT protection likewise fails because Ochoa-Vasquez does not contest the BIA's dispositive finding of waiver. The BIA dismissed Ochoa-Vasquez's CAT claim because the BIA deemed that issue "waived" based upon Ochoa-Vasquez's failure to

"meaningfully challenge[]" the IJ's denial of CAT protection. On appeal, Ochoa-Vasquez does not challenge the BIA's dispositive finding of waiver as to his CAT claim. It is therefore forfeited. *See id*.[1]

**PETITION DISMISSED**.[2]

---

[1] In light of our dispositive determinations, we need not address Ochoa-Vasquez's contention that the BIA abused its discretion in denying his motion to extend the briefing schedule.

[2] The temporary stay of removal remains in place until the mandate issues.